FILED & JUDGMENT ENTERED
Steven T. Salata

Jun 11 2015

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In Re: ) <br> ) <br> **Frederick Gordon Norvell** ) <br> ) <br> ) <br> Debtor.  ) <br> ) <br> **Frederick Gordon Norvell** ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **James Gregory Hatcher and** ) <br> **Julia Kate Harris Hatcher** ) <br> ) <br> Defendants.  ) | Case No. 14-31313 <br> Chapter 7 <br><br><br><br><br> Adversary Proceeding <br> No. 14-03146 |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The issue before the Court today is whether a North Carolina Superior Court judgment concluding that a defendant was liable for damages for breach of contract but not for fraud or Unfair and Deceptive Practices precludes the plaintiff in that action from asserting the resulting debt owed is nondischargeable under 11 U.S.C. § 523(a)(2)(A) in the defendant's subsequent bankruptcy. Because the issues decided in state court are not

1

identical to those still to be determined in the Subsection 523(a)(2)(A) claim, collateral estoppel does not foreclose the current litigation.

Plaintiff, Frederick Norvell, contracted with defendants, James and Julia Hatcher, to complete a million dollar renovation of the Hatchers' home. The work included construction of three chimneys and five fireplaces. After a dispute arose regarding the fireplaces and chimneys, the Hatchers filed suit against Norvell in North Carolina Superior Court, claiming breach of contract, fraud, and Unfair and Deceptive Practices.

The parties agreed to arbitrate, which resulted in a finding that Norvell breached his contract with the Hatchers but did not engage in fraudulent or unfair and deceptive conduct. The arbitrator concluded that the Hatchers were owed $244,871.03 plus interest. On March 26, 2014, the Superior Court affirmed the arbitrator's award, dismissed the Hatchers claims for fraud and Unfair and Deceptive Practices with prejudice, and entered judgment accordingly.

Norvell filed bankruptcy on July 30, 2014 and then filed this adversary proceeding on August 5, 2014 seeking a discharge of the Hatchers' judgment as to real property. In response, the Hatchers counterclaimed, asserting that the debt owed to them by Norvell was nondischargeable under 11 U.S.C. § 523(a)(2)(A). The matter is now before the Court on Norvell's motion for summary judgment.[1]

Norvell argues that because the state court judgment found that he was not liable under theories of fraud and Unfair and Deceptive Practices and dismissed those claims

---

[1] When faced with a motion for summary judgment the Court determines whether the moving party deserves judgment as a matter of law and "must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted).

2

with prejudice, the Hatchers 11 U.S.C. § 523(a)(2)(A) action is barred by collateral estoppel. According to Norvell, the Hatchers cannot establish a claim under Code Section 523 without re-litigating the claims raised in the state court action.

In North Carolina, to successfully assert collateral estoppel, a party must show, *inter alia*, "that the issue in question was identical to an issue actually litigated and necessary to the judgment." *Turner v. Hammocks Beach Corp.*, 681 S.E.2d 770, 773-74 (N.C. 2009) (citation and quotation marks omitted). To determine whether issues already litigated and decided in state court are identical to those raised by the Hatchers' claim under Section 523, it is necessary to compare the elements of the prior state claims with the elements of 11 U.S.C. § 523(a)(2)(A).

A claim under 11 U.S.C. § 523(a)(2)(A) for nondischargeability requires a plaintiff to prove four elements: "(1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *In re Biondo*, 180 F.3d 126, 134 (4th Cir. 1999).

Turning to fraud, North Carolina courts require a plaintiff to show: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 209 S.E.2d 494, 500 (N.C. 1974). "Without the element of intent to deceive, the required scienter for fraud is not present." *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385, 391 (N.C. 1988).

Unlike North Carolina fraud, Bankruptcy Code Subsection 523(a)(2)(A) does not require the defendant to have acted with an "intent to deceive." Thus, it would be

3

impermissible to wholly bar a claim for nondischargeability under subsection 523(a)(2)(A) based upon a finding that North Carolina fraud did not occur.

Yet, some of the elements of a claim under 11 U.S.C. § 523(a)(2)(A) overlap with those under North Carolina fraud, and a *specific* finding from the state court could hypothetically foreclose litigation on certain elements. For instance, a claim for fraud in North Carolina and an action under 11 U.S.C. § 523(a)(2)(A) share the element of reckless indifference for the truth. *Compare Myers*, 374 S.E.2d at 391 (noting that for North Carolina fraud "the concept of a statement 'made with reckless indifference as to its truth,' or one 'recklessly made without knowledge as a positive assertion' or words of like import, . . . have been held to satisfy the element of 'false representation'"), *with Boyuka v. White (In re White)*, 128 Fed. Appx. 994, 998 (4th Cir. 2005) (unpublished opinion) (determining that the fraudulent misrepresentation element of 11 U.S.C. § 523(a)(2)(A) "is satisfied if the debtor's representation was known to be false or recklessly made without knowing whether it was true or false"), *and In re Hill*, 425 B.R. 766, 775 (Bankr. W.D.N.C. 2010) (observing that the fraudulent misrepresentation element under § 523(a)(2)(A) is satisfied "if the debtor's representation was known to be false or recklessly made without knowing whether it was true or false" (citing *White*, 128 Fed. Appx. at 998)). Nonetheless, the order entered in state court in this case is not specific as to which elements the Hatchers failed to satisfy, and we are thus unable to parse out the elements.

Norvell also asserts that the state court finding that he did not engage in unfair and deceptive conduct bars the Hatchers' claim for nondischargeability. Under section 75-16 of the North Carolina General Statutes, a plaintiff may recover treble damages for

4

Unfair and Deceptive Practices upon establishing "(1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013) (citing *Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001)). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and a practice is deceptive if it has the capacity or tendency to deceive." *Id*. at 228 (citation and quotation marks omitted).

Because an action under 11 U.S.C. § 523(a)(2)(A) does not share identical issues as one for Unfair and Deceptive Practices, collateral estoppel does not apply between the two claims in this proceeding. Therefore, the Hatchers are not barred by collateral estoppel from asserting the debt owed to them by Norvell is nondischargeable. Consequently, Norvell's motion for summary judgment is denied. After consulting with each other, the parties are directed to contact the judge's chambers to obtain a trial date.

**SO ORDERED**

This Order has been signed
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.

United States Bankruptcy Court

5